**In re GRF, INC. d/b/a The Station Restaurant, Rebecca's Restaurant, Debtor.**

**PENNBANK, Movant,**

v.

**GRF, INC. d/b/a The Station Restaurant, Rebecca's Restaurant, Respondent.**

**Bankruptcy No. 88–00470E.
Motion No. 89–381.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 28, 1990.

Gary V. Skiba, Erie, Pa., for Trustee.

William Brown, Erie, Pa., for Pennbank.

Guy C. Fustine, Erie, Pa., for debtor.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

On April 5, 1989, Pennbank, as a secured creditor of GRF, Inc., doing business as The Station Restaurant and Rebecca's Restaurant ("Debtor") filed a Motion for Relief from Stay. By agreement of the parties, the requested relief was granted with the issue of whether or not Pennbank's security interest attached to the Debtor's liquor license remaining open for later resolution. We have now been asked to resolve this issue.

### Facts

The relevant facts are not in dispute. Pennbank extended credit to the Debtor on September 5, 1986. The corresponding Security Agreement and Financing Statements specifically grant Pennbank a security interest in the Debtor's liquor license and in after-acquired property.

The Debtor filed a petition under Chapter 11 of the Bankruptcy Code on October 3, 1987. The case was converted to a case under Chapter 7 on May 10, 1989.

Gary Skiba, Esq., the Chapter 7 Trustee, asserts that Pennbank's security interest in the liquor license is invalid because, at the time the Security Agreement was executed, a liquor license was deemed by statute to be a privilege and not property to which a security interest could attach. The Trustee further asserts that the amendment to 47 P.S. § 4–468 of the Liquor Code, on July 1, 1987, which states that a liquor license is property as between the licensee and third parties, should not be given retroactive effect so as to validate Pennbank's security interest.

Pennbank asserts that, upon enactment of the statutory amendment to § 4–468, the liquor license became property and became subject to a previously granted security interest, which encompassed after-acquired property.

### Discussion

The Pennsylvania Commercial Code, 13 Pa.C.S. § 9203, sets forth the requirements for an enforceable security interest as follows:

§ 9203. *Attachment and enforceability of security interest; proceeds, formal requisites.*

(a) Enforceability.— ... a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless:

(1) the collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral ...

(2) value has been given; and

(3) the debtor has rights in the collateral.

At the time of execution of the Security Agreement, the Pennsylvania Liquor Code,

**70**

§ 4–468, provided that a liquor license was a "personal privilege granted by the board and nothing therein shall constitute the license as property." Thus, at the time of execution of the Security Agreement, the Debtor had no rights in the collateral to which a security interest could attach.

On July 1, 1987, § 4–468 was amended to include a new subsection (d). § 4–468(d) provides that "the license shall constitute a privilege between the board and the licensee. As between the licensee and third parties, the license shall constitute property."

13 Pa.C.S. § 9204 states that "a security agreement may provide that any or all obligations covered by the security agreement are to be secured by after-acquired collateral."

The Security Agreement between Pennbank and the Debtor provides that the Debtor's obligation is secured by after-acquired collateral. Therefore, as of July 1, 1987, when the Debtor's liquor license became property under § 4–468(d), Pennbank's security interest attached to the liquor license as after-acquired property.

The facts of this case are inapposite to those in *In re Jackson,* 93 B.R. 421 (Bankr. W.D.Pa.1988) and *In re J.B. Winchells, Inc.,* 106 B.R. 384 (Bankr.E.D.Pa.1989). In each of those cases, the bankruptcy petition was filed prior to the July 1, 1987 amendment to § 4–468. The license did not become property until after the bankruptcy filing. We need not address the issue addressed by *Jackson* and *Winchells,* to-wit: whether property acquired postpetition is subject to a prepetition security interest.

The Debtor's bankruptcy petition was not filed until October 3, 1987, more than three months after the liquor license became property under § 4–468.

Pennbank's security interest in the Debtor's liquor license is valid under the after-acquired property clause. An appropriate order will be entered.

### ORDER

This 28th day of September, 1990, in accordance with the accompanying OPIN-ION, it shall be, and hereby is, ORDERED that Pennbank's security interest in the Debtor's liquor license is valid and that Pennbank is granted relief from the automatic stay to proceed against the Debtor's liquor license.